67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert CAMBONI, husband; Shirley Camboni, wife, Plaintiffs-Appellants,
v.
CITY OF APACHE JUNCTION, an Arizona Municipal Corporation;
Tom Damiano, jointly & severally as an individual; Sharyn
Alger, jointly & severally as an individual; Jimmy Eidson,
jointly & severally as an individual; Michael Lee, jointly
& severally as an individual; George Hoffman, jointly &
severally as an individual; Gordon Grandy, jointly &
severally as an individual; Glenn J. Gimbut, jointly &
severally as an individual; Jim Nakagawa, jointly &
individually as an individual; Tresa McDonald, jointly &
severally as an individual; Sandy Whitten, jointly &
severally as an individual; Mike McMillian, jointly &
severally as an individual; Dallas Dewey, jointly &
individually as an individual; Mel Mulholland, jointly &
severally as an individual; Ken Sanchez, jointly &
severally as an individual; Charles Balzer, jointly &
severally as an individual; Jean Perkins, jointly &
severally as an individual; Christina Juck, jointly &
severally as an individual; Pat Richmond, jointly &
severally as an individual; Keith Hendricks, jointly &
severally as an individual; Paul Perkins, jointly &
severally as an individual; Douglas Coleman, jointly &
severally as an individual; Robin Barker, jointly &
severally as an individual; Ed Cox, jointly & severally as
an individual; Lynn Underwood, jointly & severally as an
individual, Defendants-Appellees.
 No. 94-16979.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Shirley Camboni appeal pro se the district court's summary judgment for the City of Apache Junction ("City") and various City officials in the Cambonis' 42 U.S.C. Sec. 1983 action alleging that defendants violated their constitutional rights by searching their commercial building and by retroactively applying the City's building code. The Cambonis contend that the district court erred by applying collateral estoppel and res judicata to bar relitigation of the Cambonis' claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm for the reasons stated by the district court.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3